UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN REED and SANDRA SNOW,

       Plaintiffs,

-vs-

    Case No: 1:16-cv-00154-GJQ-PJG
    Hon. Gordon J. Quist

REAL FLAME COMPANY, INC., a Wisconsin
corporation; MODA FLAME, INC., a South
Carolina corporation; and PHARMCO
PRODUCTS, INC. a/k/a PHARMCO-AAPER,
a Foreign corporation,

       Defendants.

---

Author block — attorney listings

BRUCE N. MOSS (P36588)
Attorney for Plaintiff
28411 Northwestern Highway, Suite 600
Southfield, MI 48034
(248) 549-3900 / (248) 593-5805 (fax)
bmoss@dt-law.com

MICHAEL D. WEAVER (P43985)
Attorney for Defendant Moda Flame, Inc.
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4025 / (248) 901-4040 (fax)
mweaver@plunkettcooney.com

GEORGE M. DeGROOD, III (P33724)
Attorney for Defendant Real Flame Company
400 Galleria Officentre, Suite 550
Southfield, MI 48034
(248) 353-4450 / (248) 353-4451 (fax)
gdegrood@thomasdegrood.com

JAMES M. INGOGLIA
Co-Counsel for Defendant Moda Flame
300 Old Country Road, Suite 351
Mineola, NY 11501
(516) 742-7600 / (516) 742-7618 (fax)
jingoglia@raiserkenniff.com

---

## DEFENDANT REAL FLAME COMPANY, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, RELIANCE UPON DEMAND FOR JURY TRIAL, AND AFFIRMATIVE DEFENSES

*NOW COMES* the Defendant, REAL FLAME COMPANY, INC., by and through its attorneys, Thomas, DeGrood & Witenoff, P.C., and for its Answer to Plaintiffs' First Amended Complaint and Demand for Jury Trial states as follows:

1

## PARTIES

1.    Plaintiff, Jonathan Reed, resides at 1651 Noble Road, Williamston, Michigan 48895 in the County of Ingham, State of Michigan.

**ANSWER:**    Answering the allegations contained within paragraph 1, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

2.    Plaintiff, Sandra Snow, resides at 1651 Noble Road, Williamston, Michigan 48895 in the County of Ingham, State of Michigan.

**ANSWER:**    Answering the allegations contained within paragraph 2, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

3.    Defendant, Real Flame Company, Inc. is a Wisconsin corporation with its principal place of business located at 7800 Northwestern Avenue, Racine, Wisconsin 53406, and at all times materials hereto was conducting business in the County of Ingham, State of Michigan.

**ANSWER:**    Answering the allegations contained within paragraph 3, Defendant Real Flame Company, Inc. admits that it is a Wisconsin corporation and further admits that it has offices located at 7800 Northwestern Avenue, Racine, Wisconsin 53406. In further answer to the allegations contained within paragraph 3, same are neither admitted nor denied in the manner and form alleged and Plaintiffs are left to their strict proofs.

4.    Defendant Moda Flame, Inc. is a South Carolina corporation with its principal place of business located at 103 Industrial Park Road, Roebuck, South Carolina 29376, and at all times material hereto was conducting business in the County of Ingham, State of Michigan.

**ANSWER:**    Insomuch as the allegations contained within paragraph 4 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

5.    Defendant Pharmco Products, Inc., also known as Pharmco-Appear ("Pharmco Products, Inc."), is a foreign corporation with its principal place of business located at 58 Vale Road,

Brookfield, Connecticut 06804.

**ANSWER:** Insomuch as the allegations contained within paragraph 5 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

6.    The fire giving rise to this personal injury action occurred at the home of Jonathan Reed and Sandra Snow located at 1651 Noble Road, Williamston, Michigan 48895.

**ANSWER:** Answering the allegations contained within paragraph 6, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

7.    The United States District Court for the Western District of Michigan has jurisdiction under 28 U.S.C. §1332(a)(1) by there being reason of diversity of citizenship and the amount in controversy exceeds $75,000.00.

**ANSWER:** Answering the allegations contained within paragraph 7, Defendant Real Flame Company, Inc. admits that this Court has jurisdiction by virtue of the diversity of citizenship of the litigants. In further answer to the allegations contained within paragraph 7, the Defendant herein denies that it owes Plaintiffs any amount of money and therefore denies an amount in controversy exceeding $75,000.00 for the reason same is untrue.

## ALLEGATIONS COMMON TO ALL COUNTS

8.    The Defendant herein adopts and incorporates by reference each and every response to the allegations contained within paragraphs one (1) through seven (7) above as though set forth more fully herein.

9.    Prior to February 19, 2014, Plaintiffs obtained a RealFlame Envision 705 ventless fireplace designed, manufactured, distributed and/or supplied by Defendant Real Flame Company, Inc.

**ANSWER:** Answering the allegations contained within paragraph 9, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

10. Prior to February 19, 2014, Plaintiffs purchased a Moda Flame, Inc. fireplace fuel designed, manufactured, distributed and/or supplied by Defendant Moda Flame, Inc.

**ANSWER:** Answering the allegations contained within paragraph 10, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

11. On or about February 19, 2014, while operating the Envision 705 ventless fireplace, as directed, Plaintiff Jonathan Reed, attempted to refuel the fireplace using the Moda Flame, Inc. fireplace fuel.

**ANSWER:** Answering the allegations contained within paragraph 11, the Defendant herein denies that Plaintiff Jonathan Reed was operating an Envision 705 ventless fireplace as directed for the reason same is untrue. As to the remaining allegations contained within paragraph 11, same are neither admitted nor denied in the manner and form alleged for lack of sufficient knowledge or information upon which to form a belief.

12. As he began refueling, suddenly and without any warning, the fuel gel ignited and exploded, expelling flaming fuel gel onto Plaintiff, Jonathan Reed's, body.

**ANSWER:** Answering the allegations contained within paragraph 12, same are denied for the reason they are untrue.

13. Plaintiff, Jonathan Reed, sustained serious burn injuries on his head, arms and hands and sustained serious injury to his throat.

**ANSWER:** Answering the allegations contained within paragraph 13, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

14. The injuries sustained are permanent in nature.

**ANSWER:** Answering the allegations contained within paragraph 14, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

15. Plaintiff, Sandra Snow, witnessed the event and has also sustained personal injuries.

**ANSWER:** Answering the allegations contained within paragraph 15, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

## COUNT I - PRODUCTS LIABILITY ACTION
## (REAL FLAME COMPANY, INC.)

16. The Defendant herein adopts and incorporates by reference each and every response to the allegations contained within paragraphs one (1) through fifteen (15) above as though set forth more fully herein.

17. Defendant, Real Flame Company, Inc., owed a duty to Jonathan Reed and Sandra Snow, to design, manufacture, supply and sell a product which was safe and did not present an unreasonable risk of fire, explosion and personal injury.

**ANSWER:** Answering the allegations contained within paragraph 17, the Defendant herein admits it may have owed a duty to the Plaintiffs, but neither admits nor denies that the allegations contained within paragraph 17 properly set forth the duties owed in the manner and form alleged and furthermore, denies violating any duty owed to the Plaintiffs for the reason same would be untrue.

18. In breach of said duty, Defendant Real Flame Company, Inc. designed, manufactured, supplied and sold an inadequate, unsafe and unreasonably dangerous product.

**ANSWER:** Answering the allegations contained within paragraph 18, same are denied for the reason they are untrue.

19. Defendant Real Flame Company, Inc. breached its duties to Jonathan Reed and Sandra Snow when it:

    (a)    Failed to properly design the Envision 705 ventless fireplace;
    (b)    Failed to properly manufacture the Envision 705 ventless fireplace;
    (c)    Failed to properly inspect and test the Envision 705 ventless fireplace to assure that it posed no risk of fire, explosion and personal injury;
    (d)    Failed to provide adequate labels and warnings so as to instruct users as to the

5

dangers and hazards associated with the product;
- (e) Failed to provide adequate and appropriate labels, warning and/or instructions so as to advise users of the proper and safe usage of the product;
- (f) Was otherwise negligent.

**ANSWER:** Answering the allegations contained within paragraph 19 and each of its subparagraphs, same being subparagraphs 19(a) through 19(f) inclusive, same are denied for the reason they are untrue.

20. That as a direct and proximate result of said negligence, Plaintiff, Jonathan Reed, was caused to suffer and continues to suffer painful, permanent and severe injuries, to his head, neck, arms, hands and throat, including but not limited to scarring and permanent disfigurement.

**ANSWER:** Insomuch as the allegations contained within paragraph 20 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

21. That as a further result of said occurrence and injuries, Plaintiff Jonathan Reed has been required to expend large sums of money for hospital, medical care and treatment and has sustained, and will continue to sustain, a loss of earnings and a loss of earning capacity.

**ANSWER:** Insomuch as the allegations contained within paragraph 21 in any manner whatsoever relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

22. That as a further and proximate result of the said negligence or gross negligence, Plaintiff Jonathan Reed has sustained, and will continue to incur mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 22 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

6

23.     That the Plaintiff, Sandra Snow, at all times pertinent hereto, was the wife of the Plaintiff, Jonathan Reed, and as a result of the accident was deprived of the services in consortium of Jonathan Reed for a considerable period of time following the happening of the incident.

**ANSWER:**     Insomuch as the allegations contained within paragraph 23 in any manner whatsoever relate to the Defendant herein, then, this Defendant neither admits nor denies that Plaintiff Sandra Snow was the wife of Plaintiff Jonathan Reed for lack of sufficient knowledge or information upon which to form a belief. In further answer to the allegations contained within paragraph 23, insomuch as same relate to the Defendant herein they are denied for the reason they are untrue. As the allegations contained within paragraph 23 relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

24.     Plaintiff, Sandra Snow, further and as a direct proximate result of the said negligence or gross negligence of Defendants, suffered mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:**     Insomuch as the allegations contained within paragraph 24 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

*WHEREFORE*, the Defendant herein, Real Flame Company, Inc., respectfully requests this Honorable Court enter a Judgment of No Cause for Action in its favor together with costs, interest, and attorney fees so wrongfully sustained.

## COUNT II - BREACH OF WARRANTY
## (REAL FLAME COMPANY, INC.)

25.     The Defendant herein adopts and incorporates by reference each and every response to the allegations contained within paragraphs one (1) through twenty-four (24) above as though set forth more fully herein.

26.     Defendant Real Flame Company, Inc. expressly and impliedly warranted that its

product was fit and safe for its intended use and purpose and was of merchantable quality.

**ANSWER:**     Answering the allegations contained within paragraph 26, same are neither admitted nor denied in the manner and form alleged for lack of sufficient knowledge or information upon which to form a belief and Plaintiffs are left to their strict proofs.

27.     Plaintiffs relied upon the skill, judgment and reputation of Defendant Real Flame

Company, Inc. in designing and manufacturing the product; that the product would be safe and fit

for its intended use and purpose; and of merchantable quality.

**ANSWER:**     Answering the allegations contained within paragraph 27, same are neither admitted nor denied in the manner and form alleged for lack of sufficient knowledge or information upon which to form a belief and Plaintiffs are left to their strict proofs.

28.     In breach of the aforesaid express and/or implied warranties, the product designed and

manufactured by Defendant Real Flame Company, Inc., by and through its employees and agents,

was not fit or safe for its intended use and purpose, was in a defective condition, unreasonably

dangerous to the expected user, and was not of merchantable quality and that it contained numerous

manufacturing, design and product defects as identified herein.

**ANSWER:**     Answering the allegations contained within paragraph 28, same are denied for the reason they are untrue.

29.     That as a direct and proximate result of said negligence, Plaintiff, Jonathan Reed, was

caused to suffer and continues to suffer painful, permanent and severe injuries, to his head, neck,

arms, hands and throat, including but not limited to scarring and permanent disfigurement.

**ANSWER:**     Insomuch as the allegations contained within paragraph 29 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

8

30. That as a further result of said occurrence and injuries, Plaintiff Jonathan Reed has been required to expend large sums of money for hospital, medical care and treatment and has sustained, and will continue to sustain, a loss of earnings and a loss of earning capacity.

**ANSWER:** Insomuch as the allegations contained within paragraph 30 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

31. That as a further and proximate result of the said negligence or gross negligence, Plaintiff Jonathan Reed has sustained, and will continue to incur mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 31 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

32. That the Plaintiff, Sandra Snow, at all times pertinent hereto, was the wife of the Plaintiff, Jonathan Reed, and as a result of the accident was deprived of the services in consortium of Jonathan Reed for a considerable period of time following the happening of the incident.

**ANSWER:** Insomuch as the allegations contained within paragraph 32 in any manner whatsoever relate to the Defendant herein, then, this Defendant neither admits nor denies that Plaintiff Sandra Snow was the wife of Plaintiff Jonathan Reed for lack of sufficient knowledge or information upon which to form a belief. In further answer to the allegations contained within paragraph 32, insomuch as same relate to the Defendant herein they are denied for the reason they are untrue. As the allegations contained within paragraph 32 relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

33. Plaintiff, Sandra Snow, further and as a direct proximate result of the said negligence or gross negligence of Defendants, suffered mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 33 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

*WHEREFORE*, the Defendant herein, Real Flame Company, Inc., respectfully requests this Honorable Court enter a Judgment of No Cause for Action in its favor together with costs, interest, and attorney fees so wrongfully sustained.

## COUNT III - PRODUCTS LIABILITY ACTION
## (MODA FLAME, INC.)

34.     The Defendant herein adopts and incorporates by reference each and every response to the allegations contained within paragraphs one (1) through thirty-three (33) above as though set forth more fully herein.

35.     Defendant, Moda Flame, Inc., owed a duty to Jonathan Reed and Sandra Snow, to design, manufacture, supply and sell a product which was safe and did not present an unreasonable risk of fire, explosion and personal injury.

**ANSWER:** Insomuch as the allegations contained within paragraph 35 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

36.     In breach of said duty, Defendant Moda Flame, Inc. designed, manufactured, supplied and sold an inadequate, unsafe and unreasonably dangerous product.

**ANSWER:** Insomuch as the allegations contained within paragraph 36 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

37.     Defendant Moda Flame, Inc. breached its duties to Jonathan Reed and Sandra Snow when it:

(a)     Failed to properly design the Envision 705 ventless fireplace;

10

(b) Failed to properly manufacture the Envision 705 ventless fireplace;

(c) Failed to properly inspect and test the Envision 705 ventless fireplace to assure that it posed no risk of fire, explosion and personal injury;

(d) Failed to provide adequate labels and warnings so as to instruct users as to the dangers and hazards associated with the product;

(e) Failed to provide adequate and appropriate labels, warning and/or instructions so as to advise users of the proper and safe usage of the product;

(f) Was otherwise negligent.

**ANSWER:** Insomuch as the allegations contained within paragraph 37 and each of its subparagraphs, same being subparagraphs 37(a) through 37(f) inclusive, relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

38. That as a direct and proximate result of said negligence, Plaintiff, Jonathan Reed, was caused to suffer and continues to suffer painful, permanent and severe injuries, to his head, neck, arms, hands and throat, including but not limited to scarring and permanent disfigurement.

**ANSWER:** Insomuch as the allegations contained within paragraph 38 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 38 relates to the Defendant herein, same are denied for the reason they are untrue.

39. That as a further result of said occurrence and injuries, Plaintiff Jonathan Reed has been required to expend large sums of money for hospital, medical care and treatment and has sustained, and will continue to sustain, a loss of earnings and a loss of earning capacity.

**ANSWER:** Insomuch as the allegations contained within paragraph 39 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 39 relates to the Defendant herein, same are denied for the reason they are untrue.

40. That as a further and proximate result of the said negligence or gross negligence, Plaintiff Jonathan Reed has sustained, and will continue to incur mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 40 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information

upon which to form a belief. Insomuch as the allegations contained within paragraph 40 relates to the Defendant herein, same are denied for the reason they are untrue.

41. That the Plaintiff, Sandra Snow, at all times pertinent hereto, was the wife of the Plaintiff, Jonathan Reed, and as a result of the accident was deprived of the services in consortium of Jonathan Reed for a considerable period of time following the happening of the incident.

**ANSWER:** Insomuch as the allegations contained within paragraph 41 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 41 in any manner whatsoever relate to the Defendant herein, it is neither admitted nor denied that Plaintiff Sandra Snow was the wife of Plaintiff Jonathan Reed for lack of sufficient knowledge or information upon which to form a belief. In further answer to the allegations contained within paragraph 41, insomuch as same relate to the Defendant herein they are denied for the reason they are untrue.

42. Plaintiff, Sandra Snow, further and as a direct proximate result of the said negligence or gross negligence of Defendants, suffered mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 42 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 42 relates to the Defendant herein, same are denied for the reason they are untrue.

*WHEREFORE*, the Defendant herein, Real Flame Company, Inc., respectfully requests this Honorable Court enter a Judgment of No Cause for Action in its favor together with costs, interest, and attorney fees so wrongfully sustained.

## COUNT IV - BREACH OF WARRANTY
## (MODA FLAME, INC.)

43. The Defendant herein adopts and incorporates by reference each and every response to the allegations contained within paragraphs one (1) through forty-two (42) above as though set forth more fully herein.

44. Defendant Moda Flame, Inc. expressly and impliedly warranted that its product was fit and safe for its intended use and purpose and was of merchantable quality.

**ANSWER:** Insomuch as the allegations contained within paragraph 44 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

45. Plaintiffs relied upon the skill, judgment and reputation of Defendant Moda Flame, Inc. in designing and manufacturing the product; that the product would be safe and fit for its intended use and purpose; and of merchantable quality.

**ANSWER:** Insomuch as the allegations contained within paragraph 45 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

46. In breach of the aforesaid express and/or implied warranties, the product designed and manufactured by Defendant Moda Flame, Inc., by and through its employees and agents, was not fit or safe for its intended use and purpose, was in a defective condition, unreasonably dangerous to the expected user, and was not of merchantable quality and that it contained numerous manufacturing, design and product defects as identified herein.

**ANSWER:** Insomuch as the allegations contained within paragraph 46 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

47. That as a direct and proximate result of said negligence, Plaintiff, Jonathan Reed, was caused to suffer and continues to suffer painful, permanent and severe injuries, to his head, neck, arms, hands and throat, including but not limited to scarring and permanent disfigurement.

**ANSWER:** Insomuch as the allegations contained within paragraph 47 relate to a co-defendant, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as said allegations contained within paragraph 47 relate to the Defendant herein, they are denied for the reason they are untrue.

48.    That as a further result of said occurrence and injuries, Plaintiff Jonathan Reed has been required to expend large sums of money for hospital, medical care and treatment and has sustained, and will continue to sustain, a loss of earnings and a loss of earning capacity.

**ANSWER:**    Insomuch as the allegations contained within paragraph 48 relate to a co-defendant, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as said allegations contained within paragraph 48 relate to the Defendant herein, they are denied for the reason they are untrue.

49.    That as a further and proximate result of the said negligence or gross negligence, Plaintiff Jonathan Reed has sustained, and will continue to incur mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:**    Insomuch as the allegations contained within paragraph 49 relate to a co-defendant, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as said allegations contained within paragraph 49 relate to the Defendant herein, they are denied for the reason they are untrue.

50.    That the Plaintiff, Sandra Snow, at all times pertinent hereto, was the wife of the Plaintiff, Jonathan Reed, and as a result of the accident was deprived of the services in consortium of Jonathan Reed for a considerable period of time following the happening of the incident.

**ANSWER:**    Insomuch as the allegations contained within paragraph 50 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 50 in any manner whatsoever relate to the Defendant herein, it is neither admitted nor denied that Plaintiff Sandra Snow was the wife of Plaintiff Jonathan Reed for lack of sufficient knowledge or information upon which to form a belief. In further answer to the allegations contained within paragraph 50, insomuch as same relate to the Defendant herein they are denied for the reason they are untrue.

51.    Plaintiff, Sandra Snow, further and as a direct proximate result of the said negligence or gross negligence of Defendants, suffered mental anguish, fright and shock, denial of social

pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 51 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 51 relates to the Defendant herein, same are denied for the reason they are untrue.

*WHEREFORE*, the Defendant herein, Real Flame Company, Inc., respectfully requests this Honorable Court enter a Judgment of No Cause for Action in its favor together with costs, interest, and attorney fees so wrongfully sustained.

## COUNT V - GROSS NEGLIGENCE
## (DEFENDANTS REAL FLAME COMPANY, INC. AND MODA FLAME, INC.)

52.    The Defendant herein adopts and incorporates by reference each and every response to the allegations contained within paragraphs one (1) through fifty-one (51) above as though set forth more fully herein.

53.    At the time of manufacture, distribution and/or sale, Defendants had actual knowledge there was a substantial likelihood that these defective products would cause severe burn injuries, such as those sustained by Plaintiff, Jonathan Reed. Defendants willfully disregarded that knowledge in nevertheless manufacturing, distributing and/or selling these products.

**ANSWER:** Insomuch as the allegations contained within paragraph 53 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

54.    The conduct of the Defendants as described herein constitutes gross negligence.

**ANSWER:** In answer to the allegations contained within paragraph 54, the Defendant herein adopts and incorporates all prior responses to the preceding allegations. In further answer, the Defendant herein denies at any time conducting itself in any fashion that constitutes gross negligence for the reason same is untrue. As the allegations contained within paragraph 54 relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

55. That as a direct and proximate result of said negligence, Plaintiff, Jonathan Reed, was caused to suffer and continues to suffer painful, permanent and severe injuries, to his head, neck, arms, hands and throat, including but not limited to scarring and permanent disfigurement.

**ANSWER:** Insomuch as the allegations contained within paragraph 55 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

56. That as a further result of said occurrence and injuries, Plaintiff Jonathan Reed has been required to expend large sums of money for hospital, medical care and treatment and has sustained, and will continue to sustain, a loss of earnings and a loss of earning capacity.

**ANSWER:** Insomuch as the allegations contained within paragraph 56 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

57. That as a further and proximate result of the said negligence or gross negligence, Plaintiff Jonathan Reed has sustained, and will continue to incur mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 57 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

58. That the Plaintiff, Sandra Snow, at all times pertinent hereto, was the wife of the Plaintiff, Jonathan Reed, and as a result of the accident was deprived of the services in consortium of Jonathan Reed for a considerable period of time following the happening of the incident.

**ANSWER:** Insomuch as the allegations contained within paragraph 58 relate to the Defendant herein, then, this Defendant neither admits nor denies that Plaintiff Sandra Snow was the wife of Plaintiff Jonathan Reed for lack of sufficient knowledge or information

upon which to form a belief. In further answer to the allegations contained within paragraph 58, insomuch as same relate to the Defendant herein they are denied for the reason they are untrue. As the allegations contained within paragraph 58 relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

59.     Plaintiff, Sandra Snow, further and as a direct proximate result of the said negligence or gross negligence of Defendants, suffered mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:**     Insomuch as the allegations contained within paragraph 59 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

*WHEREFORE*, the Defendant herein, Real Flame Company, Inc., respectfully requests this Honorable Court enter a Judgment of No Cause for Action in its favor together with costs, interest, and attorney fees so wrongfully sustained.

## COUNT VI - PRODUCTS LIABILITY ACTION
## (PHARMCO PRODUCTS, INC.)

60.     The Defendant herein adopts and incorporates by reference each and every response to the allegations contained within paragraphs one (1) through fifty-nine (59) above as though set forth more fully herein.

61.     Defendant, Pharmco Products, Inc., owed a duty to Jonathan Reed and Sandra Snow, to design, manufacture, supply and sell a product which was safe and did not present an unreasonable risk of fire, explosion and personal injury.

**ANSWER:**     Insomuch as the allegations contained within paragraph 61 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

17

62. In breach of said duty, Defendant Pharmco Products, Inc. designed, manufactured, supplied and sold an inadequate, unsafe and unreasonably dangerous product.

**ANSWER:** Insomuch as the allegations contained within paragraph 62 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

63. Defendant Pharmco Products, Inc. breached its duties to Jonathan Reed and Sandra Snow when it:

      (a) Failed to properly design and package fireplace fuel;
      (b) Failed to properly manufacture fireplace fuel;
      (c) Failed to properly inspect and test the fireplace fuel to assure that it posed no risk of fire, explosion and personal injury;
      (d) Failed to provide adequate labels and warnings so as to instruct users as to the dangers and hazards associated with the product;
      (e) Failed to provide adequate and appropriate labels, warning and/or instructions so as to advise users of the proper and safe usage of the product;
      (f) Was otherwise negligent.

**ANSWER:** Insomuch as the allegations contained within paragraph 63 and each of its subparagraphs, same being subparagraphs 63(a) through 63(f) inclusive, relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

64. That as a direct and proximate result of said negligence, Plaintiff, Jonathan Reed, was caused to suffer and continues to suffer painful, permanent and severe injuries, to his head, neck, arms, hands and throat, including but not limited to scarring and permanent disfigurement.

**ANSWER:** Insomuch as the allegations contained within paragraph 64 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 64 relates to the Defendant herein, same are denied for the reason they are untrue.

65. That as a further result of said occurrence and injuries, Plaintiff Jonathan Reed has been required to expend large sums of money for hospital, medical care and treatment and has sustained, and will continue to sustain, a loss of earnings and a loss of earning capacity.

**ANSWER:**    Insomuch as the allegations contained within paragraph 65 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 65 relates to the Defendant herein, same are denied for the reason they are untrue.

66.    That as a further and proximate result of the said negligence or gross negligence, Plaintiff Jonathan Reed has sustained, and will continue to incur mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:**    Insomuch as the allegations contained within paragraph 66 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 66 relates to the Defendant herein, same are denied for the reason they are untrue.

67.    That the Plaintiff, Sandra Snow, at all times pertinent hereto, was the wife of the Plaintiff, Jonathan Reed, and as a result of the accident was deprived of the services in consortium of Jonathan Reed for a considerable period of time following the happening of the incident.

**ANSWER:**    Insomuch as the allegations contained within paragraph 67relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 67 in any manner whatsoever relate to the Defendant herein, it is neither admitted nor denied that Plaintiff Sandra Snow was the wife of Plaintiff Jonathan Reed for lack of sufficient knowledge or information upon which to form a belief. In further answer to the allegations contained within paragraph 67, insomuch as same relate to the Defendant herein they are denied for the reason they are untrue.

68.    Plaintiff, Sandra Snow, further and as a direct proximate result of the said negligence or gross negligence of Defendants, suffered mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:**    Insomuch as the allegations contained within paragraph 68 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 68 relates to the Defendant herein, same are denied for the reason they are untrue.

*WHEREFORE*, the Defendant herein, Real Flame Company, Inc., respectfully requests this Honorable Court enter a Judgment of No Cause for Action in its favor together with costs, interest, and attorney fees so wrongfully sustained.

## COUNT VII - BREACH OF WARRANTY
## (PHARMCO PRODUCTS, INC.)

69.     The Defendant herein adopts and incorporates by reference each and every response to the allegations contained within paragraphs one (1) through sixty-eight (68) above as though set forth more fully herein.

70.     Defendant Pharmco Products, Inc. expressly and impliedly warranted that its product was fit and safe for its intended use and purpose and was of merchantable quality.

**ANSWER:**     Insomuch as the allegations contained within paragraph 70 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

71.     Plaintiffs relied upon the skill, judgment and reputation of Defendant Pharmco Products, Inc. in designing and manufacturing the product; that the product would be safe and fit for its intended use and purpose; and of merchantable quality.

**ANSWER:**     Insomuch as the allegations contained within paragraph 71 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

72.     In breach of the aforesaid express and/or implied warranties, the product designed and manufactured by Defendant Pharmco Products, Inc., by and through its employees and agents, was not fit or safe for its intended use and purpose, was in a defective condition, unreasonably dangerous to the expected user, and was not of merchantable quality and that it contained numerous manufacturing, design and product defects as identified herein.

**ANSWER:**   Insomuch as the allegations contained within paragraph 72 relate to a co-defendant only, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

73.    That as a direct and proximate result of said negligence, Plaintiff, Jonathan Reed, was caused to suffer and continues to suffer painful, permanent and severe injuries, to his head, neck, arms, hands and throat, including but not limited to scarring and permanent disfigurement.

**ANSWER:**   Insomuch as the allegations contained within paragraph 73 relate to a co-defendant, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as said allegations contained within paragraph 73 relate to the Defendant herein, they are denied for the reason they are untrue.

74.    That as a further result of said occurrence and injuries, Plaintiff Jonathan Reed has been required to expend large sums of money for hospital, medical care and treatment and has sustained, and will continue to sustain, a loss of earnings and a loss of earning capacity.

**ANSWER:**   Insomuch as the allegations contained within paragraph 74 relate to a co-defendant, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as said allegations contained within paragraph 74 relate to the Defendant herein, they are denied for the reason they are untrue.

75.    That as a further and proximate result of the said negligence or gross negligence, Plaintiff Jonathan Reed has sustained, and will continue to incur mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:**   Insomuch as the allegations contained within paragraph 75 relate to a co-defendant, same are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as said allegations contained within paragraph 75 relate to the Defendant herein, they are denied for the reason they are untrue.

76.    That the Plaintiff, Sandra Snow, at all times pertinent hereto, was the wife of the Plaintiff, Jonathan Reed, and as a result of the accident was deprived of the services in consortium

of Jonathan Reed for a considerable period of time following the happening of the incident.

**ANSWER:** Insomuch as the allegations contained within paragraph 76 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 76 in any manner whatsoever relate to the Defendant herein, it is neither admitted nor denied that Plaintiff Sandra Snow was the wife of Plaintiff Jonathan Reed for lack of sufficient knowledge or information upon which to form a belief. In further answer to the allegations contained within paragraph 76, insomuch as same relate to the Defendant herein they are denied for the reason they are untrue.

77.     Plaintiff, Sandra Snow, further and as a direct proximate result of the said negligence or gross negligence of Defendants, suffered mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 77 relate to a co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief. Insomuch as the allegations contained within paragraph 77 relates to the Defendant herein, same are denied for the reason they are untrue.

*WHEREFORE*, the Defendant herein, Real Flame Company, Inc., respectfully requests this Honorable Court enter a Judgment of No Cause for Action in its favor together with costs, interest, and attorney fees so wrongfully sustained.

## COUNT V - GROSS NEGLIGENCE
## (DEFENDANT PHARMCO PRODUCTS, INC.)

78.     The Defendant herein adopts and incorporates by reference each and every response to the allegations contained within paragraphs one (1) through seventy-seven (77) above as though set forth more fully herein.

79.     At the time of manufacture, distribution and/or sale, Defendants had actual knowledge there was a substantial likelihood that these defective products would cause severe burn injuries, such as those sustained by Plaintiff, Jonathan Reed. Defendants willfully disregarded that

knowledge in nevertheless manufacturing, distributing and/or selling these products.

**ANSWER:** Insomuch as the allegations contained within paragraph 79 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

80. The conduct of the Defendants as described herein constitutes gross negligence.

**ANSWER:** In answer to the allegations contained within paragraph 80, the Defendant herein adopts and incorporates all prior responses to the preceding allegations. In further answer, the Defendant herein denies at any time conducting itself in any fashion that constitutes gross negligence for the reason same is untrue. As the allegations contained within paragraph 80 relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

81. That as a direct and proximate result of said negligence, Plaintiff, Jonathan Reed, was caused to suffer and continues to suffer painful, permanent and severe injuries, to his head, neck, arms, hands and throat, including but not limited to scarring and permanent disfigurement.

**ANSWER:** Insomuch as the allegations contained within paragraph 81 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

82. That as a further result of said occurrence and injuries, Plaintiff Jonathan Reed has been required to expend large sums of money for hospital, medical care and treatment and has sustained, and will continue to sustain, a loss of earnings and a loss of earning capacity.

**ANSWER:** Insomuch as the allegations contained within paragraph 82 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

83. That as a further and proximate result of the said negligence or gross negligence, Plaintiff Jonathan Reed has sustained, and will continue to incur mental anguish, fright and shock,

denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 83 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

84. That the Plaintiff, Sandra Snow, at all times pertinent hereto, was the wife of the Plaintiff, Jonathan Reed, and as a result of the accident was deprived of the services in consortium of Jonathan Reed for a considerable period of time following the happening of the incident.

**ANSWER:** Insomuch as the allegations contained within paragraph 84 relate to the Defendant herein, then, this Defendant neither admits nor denies that Plaintiff Sandra Snow was the wife of Plaintiff Jonathan Reed for lack of sufficient knowledge or information upon which to form a belief. In further answer to the allegations contained within paragraph 84, insomuch as same relate to the Defendant herein they are denied for the reason they are untrue. As the allegations contained within paragraph 84 relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

85. Plaintiff, Sandra Snow, further and as a direct proximate result of the said negligence or gross negligence of Defendants, suffered mental anguish, fright and shock, denial of social pleasure and enjoyment, embarrassment and humiliation.

**ANSWER:** Insomuch as the allegations contained within paragraph 85 relate to the Defendant herein, same are denied for the reason they are untrue. As they relate to any co-defendant, they are neither admitted nor denied for lack of sufficient knowledge or information upon which to form a belief.

*WHEREFORE*, the Defendant herein, Real Flame Company, Inc., respectfully requests this Honorable Court enter a Judgment of No Cause for Action in its favor together with costs, interest, and attorney fees so wrongfully sustained.

**THOMAS, DeGROOD & WITENOFF, P.C.**

   s/  George M. DeGrood, III
Attorney for Defendant Real Flame Company
400 Galleria Officentre, Suite 550
Southfield, MI 48034
(248) 353-4450
P33724
gdegrood@thomasdegrood.com


## RELIANCE UPON DEMAND FOR JURY TRIAL

*NOW COMES* the Defendant, REAL FLAME COMPANY, INC., by and through its attorneys, Thomas, DeGrood & Witenoff, P.C., and hereby relies upon the Demand for Jury Trial filed by Plaintiffs in this action on or about January 8, 2016.

**THOMAS, DeGROOD & WITENOFF, P.C.**

   s/  George M. DeGrood, III
Attorney for Defendant Real Flame Company
400 Galleria Officentre, Suite 550
Southfield, MI 48034
(248) 353-4450
P33724
gdegrood@thomasdegrood.com

# AFFIRMATIVE DEFENSES

*NOW COMES* the Defendant, REAL FLAME COMPANY, INC., by and through its attorneys, Thomas, DeGrood & Witenoff, P.C., and hereby gives notice that at the trial of this cause and upon proof by Plaintiffs of the facts alleged in the First Amended Complaint, then, this Defendant will assert and establish:

1. That Plaintiffs' First Amended Complaint fails to state a cause of action upon which relief can be granted.

2. That there are no genuine issues as to any material fact and as such, the Defendant herein is entitled to judgment as a matter of law.

3. That the appropriate statute of limitations for actions such as this expired prior to the filing of the Summons and Complaint in this matter and Plaintiffs' action is therefore time-barred by the running of the time provided in said statute or statutes.

4. That the incident alleged in Plaintiffs' First Amended Complaint was caused in whole or in part by Plaintiffs' own contributory and comparative negligence, and Plaintiff's recovery therefore, if any, must be reduced in whole or in part.

5. That at the time of trial in this matter, the Defendant herein will establish that any damages suffered by Plaintiffs were caused by the negligence of parties or non-parties other than the Defendant such that fault shall be determined comparatively.

6. That the Defendant herein hereby reserves the right to amend, alter, or modify its affirmative defenses at a later point in time, said reservation being necessary for the reason that Plaintiffs' First Amended Complaint is conclusory and lacks the necessary specificity such that the Defendant is unable to ascertain the claims that are being made against it.

7. That notice is hereby given that a motion for summary judgment will be filed premised upon F. R. Civ. P. 56 and the grounds contained therein.

8. That Plaintiffs' percentage of fault is greater than the aggregate fault of the Defendant herein or any other persons, whether or not parties to this action, such that the Court shall reduce economic damages by the percentage of Plaintiffs' comparative fault and furthermore, non-economic damages shall not be awarded.

9. That there exists no proximal causation between any alleged act, omission, or breach of duty by the Defendant herein and Plaintiffs' alleged injuries and/or damages.

10. That the negligence of others than the Defendant herein, and as yet unknown to it, was an intervening and superseding cause to the alleged incident or to Plaintiffs' damages so as to bar any and all claims against the Defendant herein.

11. That Plaintiffs' claim may be barred in whole or in part because of release, payment, prior judgment, immunity granted by law, statute of frauds, assignment, failure to mitigate damages, lack of jurisdiction over the subject matter, or other disposition of the claims prior to the commencement of this action.

12. That some or all of the medical problems, infirmities, disabilities and/or damages which Plaintiffs allege to have incurred or suffered subsequent to the alleged incident were not directly or proximately caused by the original incident alleged in Plaintiffs' First Amended Complaint, but rather, were manifestations of, directly related to, and/or proximately caused by a prior or subsequent accident, incident, or medical condition not involving the responsibility of the Defendant herein and/or a natural progression of an organic or internal ailment or disease or other medical condition which Plaintiffs developed or sustained prior or subsequent to, and independent

of, the alleged incident which is the basis of Plaintiffs' First Amended Complaint. To that extent and amount, the Defendant is neither responsible nor liable notwithstanding any establishment and/or findings of any negligence as against the Defendant herein.

13.    That part or all of the damages sought by Plaintiffs may not be recoverable under applicable law, including but not limited to attorney fees.

14.    That the liability for economic loss, including lost wages, impairment of earning capacity, and hospital and medical expenses sought by Plaintiffs are to be reduced by that portion paid or payable by a collateral source, pursuant to MCL 600.6303.

15.    That the Defendant herein neither had actual or constructive knowledge or notice of the claimed condition(s) as alleged in Plaintiffs' First Amended Complaint nor was it reasonable to expect the Defendant to have actual or constructive knowledge or notice of same.

16.    That pursuant to applicable law, the Defendant herein did not owe any duty to the Plaintiffs under the facts as pled, including but not limited to Plaintiffs' misuse of this Defendant's product.

17.    That at no time did the Defendant herein ever conduct itself in a negligent, reckless or willful manner that in any fashion demonstrated a substantial lack of concern for whether or not Plaintiffs would sustain injury.

18.    That Plaintiffs may have had an impaired ability to function due to the influence of alcohol or controlled substances and as a result, Plaintiffs were 50 percent or more at fault in causing the accident/injuries/damages allegedly sustained and, therefore, Plaintiffs are precluded from recovering any such damages pursuant to MCL 600.2955a.

19.     That Plaintiffs' First Amended Complaint must be dismissed for the reason Plaintiffs have no contractual relationship with the Defendant herein.

20.     That any of Plaintiffs' injuries related to Plaintiffs' use of any product designed, manufactured, or sold by the Defendant herein was a result of Plaintiffs' misuse of the product as defined within MCL 600.2945(e), to wit, Plaintiffs used the product in a materially different manner than the product's intended use including but not limited to Plaintiffs' use of the product in a manner other than those for which the product would be considered suitable by a reasonable prudent person in the same or similar circumstances, including but not limited to use of a fuel other than Real Flame ventless fireplace gel fuel.

21.     That Plaintiffs may have utilized the product in question when Plaintiffs knew or reasonably should have known same was damaged by or through Plaintiffs' prior misuse or alteration of the product.

22.     That Plaintiffs may have been sophisticated users of the product in question.

23.     That if Plaintiffs offer proof that the product at issue in this litigation was indeed a product designed, manufactured, or sold by the Defendant herein, then, the production of said product was in accordance with the generally recognized and prevailing non-governmental standards and/or governmental standards, as the case may be, in existence at the time the specific unit of the product was sold or delivered by the Defendant to the initial purchaser or user.

24.     That for all times relevant, any product designed, manufactured, or sold by the Defendant herein was reasonably safe at the time the specific unit of the product left the control of the Defendant herein.

25.     That at the time of the production of the specific unit of any product proven to have been designed, manufactured, or sold by the Defendant herein, then, same was safely designed, manufactured and sold according to generally accepted production practices at the time the specific unit of the product left the control of the Defendant herein or sellers of same and furthermore, no practical or technically feasible alternative production practice was available that would have prevented the Plaintiff's alleged injuries, damages or harm without significantly impairing the usefulness or desirability of the product to users without creating an equal or greater risk of harm to others.

26.     That at the time of the design, manufacture, or sale of any product designed, manufactured, or sold by the Defendant herein, no economically feasible alternative production practice was available for use by the manufacturer and furthermore, any technical, medical, or scientific knowledge available at the time if used would significantly compromise the product's usefulness and desirability.

27.     That at no time did any alleged defect in any product designed, manufactured, or sold by the Defendant herein cause any death or permanent loss of a vital function to the Plaintiffs and as such, Plaintiffs' non-economic loss shall not meet or exceed the higher cap identified in MCL 600.2946a.

28.     That any damage for non-economic loss to the Plaintiffs shall not exceed the caps set forth within MCL 600.2946a.

29.     That at no time did the Defendant herein commit any acts or omissions that rise to the level of constituting negligence or gross negligence.

30.     That should the proofs in this matter identify an alteration to the product at issue that was not reasonably foreseeable or that Plaintiffs used the product in any fashion expressly warned against by the Defendant, then, the Defendant herein is not liable to the Plaintiffs in that the product at issue was altered or used by the Plaintiffs in an unsafe fashion.

31.     That the Defendant herein is not liable to Plaintiffs in that damages from harm sought by Plaintiffs were caused by Plaintiffs' misuse of the product and furthermore, said misuse was not reasonably foreseeable by the Defendant herein.

32.     That the Defendant herein is not liable to the Plaintiffs in this action for the reason Plaintiffs used the product at issue in a fashion that created an unreasonable risk of personal injury and then did voluntarily expose himself to that risk and the risk that Plaintiff exposed himself to was the proximate cause of Plaintiffs' injury.

33.     That at no time did the Defendant herein breach any implied or express warranty with respect to the product at issue that may extend to the product at issue.

34.     That upon information and belief, at no time did the product in question herein (if proven to have been designed, manufactured, and/or sold by the Defendant herein) fail to conform to any express or implied warranty, or that any such failure to conform to any implied or express warranty was not a proximate cause to Plaintiffs' alleged harm, damage, or injury.

35.     That at no time did the product in question fail to meet any applicable design or manufacturing standards.

36.     That Plaintiffs acknowledged by acceptance of this Defendant's product that this Defendant was not responsible for any consequential damage in excess of the purchase price of the product upon which such liability is allegedly based.

37.     That the Defendant herein did not manufacture or sell the Moda Flame fuel used by the Plaintiffs at the time of the incident.

38.     That the Defendant herein did not manufacture or sell any fuel designed or manufactured by Pharmco Products, Inc.

39.     That the Defendant herein reserves the right to add additional affirmative defenses as discovery continues and moves forward.

THOMAS, DeGROOD & WITENOFF, P.C.

  s/   George M. DeGrood, III
Attorney for Defendant Real Flame Company
400 Galleria Officentre, Suite 550
Southfield, MI 48034
(248) 353-4450
P33724
gdegrood@thomasdegrood.com

DATED: January 10, 2017

# PROOF OF SERVICE

GEORGE M. DeGROOD, III, says that on January 10, 2017, Tammy Bolton electronically filed *Answer to Plaintiffs' First Amended Complaint, Reliance Upon Demand for Jury Trial, and Affirmative Defenses*, along with this Proof of Service, to the Clerk of the Court using the ECF system and by electronically sending a copy of the following: **Bruce N. Moss, Esq.**, 28411 Northwestern Highway, Suite 600, Southfield, MI 48034, (248) 549-3900; **Michael D. Weaver, Esq.**, 38505 Woodward Avenue, Suite 2000, Bloomfield Hills, MI 48304, (248) 901-4000; and **James M. Ingoglia, Esq.**, 300 Old Country Road, Suite 351, Mineola, NY 11501, (516) 742-7600. I hereby certify that the above is true.

/s/ George M. DeGrood
Thomas, DeGrood & Witenoff, P.C.
Attorney for Defendant Real Flame Company
400 Galleria Officentre, Suite 550
Southfield, MI 48034
(248) 353-4450
P33724
gdegrood@thomasdegrood.com